Samuel J. Silverman, J.
Two causes of action are alleged in this action by a life insurance sales agent against a life insurance company and a sales agent of defendant, company. The first cause of action seeks to recover against the defendant agent under section 127 of the Insurance Law for commissions lost by plaintiff due to alleged misrepresentations, misleading statements and incomplete comparisons, which caused an insured to surrender certain insurance policies upon the premiums of which plaintiff would otherwise have received commissions. The second cause of action, pursuant to section 211 of the Insurance Law, seeks to recover against defendant insurance company, for the same acts as alleged in the first cause, in the amount of the premiums received by the defendant insurer upon the new policy. Defendant insurance company moves to dismiss the second cause of action for legal insufficiency. (By stipulation between counsel, a branch of the motion seeking corrective relief as to the first cause of action has been resolved.)
Sections 127 and 211 of the Insurance Law, the former as regards agents and brokers, and the latter as regards insurers, prohibit the making of misrepresentations, misleading statements, and incomplete comparisons for the purpose of inducing any person to surrender, or forfeit or allow to lapse any insurance policy. Section 127, unlike section 211, declares violation by an agent to be a crime. Until 1969, each section (in subdivision 4 of each section) also provided a civil penalty for the respective violations thereof; section 127 in the amount of the compensation or commission for the sale of any policy received by a broker or sales agent, and section 211 in the amount of premiums or other compensation received by the insurer. Each section provided for the recovery of the penalty by 1 ‘ any person aggrieved ”. In 1969, an amendment was passed to section 127 (L. 1969, ch. 847):
‘ ‘ 4. Any agent or representative of an insurer, any insurance broker and any other person, firm, association or corporation who, or which, shall violate any of the provisions of this section shall be guilty of a misdemeanor, unless the same constitutes a felony. Any such agent, representative, broker, person, firm, association or corporation who, or which, shall knowingly receive *464 any compensation or commission for the sale of any insurance policy or annuity contract induced by a violation of this section shall also be liable for a civil penalty in the amount received by such violator as compensation or commission, which penalty may be sued for and recovered for his own use and benefit by any person induced to purchase an insurance policy or annuity contract by such violation. In addition, such agent, representative, broker, person, firm, association or corporation violating this section shall be liable for a civil penalty in the amount of any compensation or commission lost by any agent, representative or broker as a result of a violation of this section or the making of such false or misleading statement, which penalty may be sued for and recovered for Ms own use and benefit by such agent, representative or broker.” (Emphasis added.)
No similar amendment was passed to section 211.
Plaintiff argues, however, that the amendment to section 127 should be read into section 211 as part of the definition of “ person aggrieved ” entitled to recover under section 211.
To this there are several answers:
To begin with, the Legislature simply did not amend section 211 when it amended this parallel section 127.
Nor does this appear to be an inadvertence. There is certainly a logical basis for the distinction. As amended,, section 127 permits the person deprived of compensation or commission (the agent) to recover the compensation he lost (and/or the compensation defendant received) from the defendant agent who received the compensation to which plaintiff agent is equitably entitled. Section 211 on the other hand is concerned with the premium; the Legislature may very well have intended not to permit an agent, who is not equitably entitled to the premium, to sue to recover the premium from the company, which did not receive the compensation or commission of which plaintiff agent has been deprived.
Finally, we deal with what the statute itself calls a penalty. It is established doctrine that provisions for penalties shall be strictly construed.
The motion to dismiss the second cause of action is granted.